CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 03 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROSALYN RUSSELL, | ) | CASE NO. 7:12CV00292 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| PHYLLIS BASKERVILLE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Rosalyn Russell moves a second time for reconsideration of the July 27, 2012, order dismissing her civil rights action under 42 U.S.C. § 1983, for failure to comply with a court order. The court finds no ground on which to reinstate Russell's case, which also fails to state an actionable claim for relief. Therefore, the court denies Russell's motion.

Russell, a Virginia inmate proceeding pro se, filed this action, suing prison officials at Fluvanna Correctional Center for Women ("FCCW") for monetary damages and recovery of lost wages for injuries she received in a fall. The court filed Russell's action conditionally and directed her to provide within 10 days a verified statement and documentation demonstrating that she had exhausted available administrative remedies before she filed this action, as required under 42 U.S.C. § 1997e(a). Having received no response from Russell, the court dismissed the action without prejudice on July 27, 2012. Thereafter, Russell filed documents that the court liberally construed as a motion to reinstate the action. Russell failed to provide any reason that she had failed to comply in a timely manner with the court's order, however, so the court denied her motion for reinstatement.

Russell now moves for reconsideration of the July 2012 order dismissing her civil action and moves once again to proceed *in forma pauperis*. Russell still fails to demonstrate any reason

that she failed to comply with the court's initial filing order in a timely manner. Therefore, the court finds no ground on which she is entitled to reinstatement of this case.

Because this case was dismissed without prejudice, however, the court will direct the clerk to file Russell's initial complaint, her later submitted verified statement, and her current motion for in forma pauperis, in a new and separate civil action.[1] In that new case, Russell will be required to provide current information about the activity in her inmate trust account from June to November 2012, and then to consent to pay the $350.00 filing fee to proceed with her claims.

An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of December, 2012.

                                                  Chief United States District Judge

---

[1] On the face of her complaint and in her verified statement (ECF No. 11), Russell indicates that she exhausted available administrative remedies before filing the complaint. Although she fails to document that she took her grievance to the highest level of appeal under the grievance procedures available to her, the court will accept her verified statement that she has completed the grievance procedure.